UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **David Stille,**  *Plaintiff,*  v.  **Clarity Services, Inc.**  *Defendant.* | Case No: 6:24-cv-1198  **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, **David Stille** ("**Mr. Stille**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **Clarity Services, Inc. ("Clarity")** stating as follows:

## PRELIMINARY STATEMENT

1. This is an action brought by Mr. Stille against the Defendant for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. The Defendant is subject to the jurisdiction of this Court pursuant to § 48.193(1)(a)(1), Fla. Stat., and Fed. R. Civ. P. 4(k).

4. Venue is proper in the Middle District of Florida because the acts complained of were committed and/or caused by the Defendant within Orange County, which is in the Middle District.

### PARTIES

### Mr. Stille

5. **Mr. Stille** is a natural person residing in the City of Orlando, Orange County, Florida.

6. Mr. Stille is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

7. **Clarity** is a Delaware corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8. Clarity is registered to conduct business as a foreign corporation in the State of Florida, where its Registered Agent is **CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.**

9. Clarity is a nationwide *Consumer Reporting Agency* ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of

preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS
### Clarity Reports Single Loan As 3 Triplicate Tradelines

10. Sometime prior to 2019, Clarity began maintaining a credit file on Mr. Stille.

11. Around July 6, 2019, Clarity incorporated a tradeline reported by "Vivus Srv/North Star," indicating that there was a $900 loan outstanding with a current balance of $1,311, and that the loan was originated on June 10, 2019. **SEE PLAINTIFF'S EXHIBIT A.**

12. Around July 8, 2019, Clarity incorporated a tradeline reported by "Vivus Srv/North Star," indicating that there was a $900 loan outstanding with a current balance of $1,340, and that the loan was originated on June 10, 2019. **Id.**

13. Around July 6, 2020, Clarity incorporated a tradeline reported by "North Star," indicating that there was a $900 loan outstanding with a current balance of $1,368, and that the loan was originated on June 10, 2019. **Id.**

14. Thus, Clarity reported the triplicate loans were all opened on the same day – June 10, 2019 - and were for the same amount - $900. **Id.**

15. "Vivus Srv/North Star" and "North Cash" both refer to the same lender, North Star Finance, LLC d/b/a North Cash, which was, purportedly, a

short-term online payday lender which made loans to consumers at interest rates exceeding 700% annually from the website www.northcash.com.

16. Almost every state in the Union prohibits consumer lending at 700% interest rates, with many, including Florida, rendering such loan terms to be criminally sanctionable.

17. Even the handful of states with no *per se* cap on usury, such as Utah, prohibit loans made at unconscionable rates.

18. North Cash was purportedly owned and operated by the Fort Belknap Indian Community ("Fort Belknap Tribe") through a tribally-created corporation, North Star Finance, LLC.

19. For all practical intents and purposes, the lending operation was run by Vivus Servicing, Ltd., a Canadian company based in Ontario whose parent company, 4finance Holding S.A., a *societe anonyme* with a registered office in Luxembourg.

20. At the time the loan was allegedly made to Plaintiff, the majority shareholder in 4finance Holding S.A. was Oleg Viktrovich Boyko, whom *Forbes* ranked as the 75th wealthiest Russian alive while noting his ties to the former KGB.

21. Because of its duplicative reporting, Clarity's report claimed there was an aggregate $4,019 debt owed to North Cash, even though Mr. Stille did not obtain *three* loans from North Cash, or even two.

22. Clarity knew or should have known that the tradelines were triplicates since Clarity conducts extensive due-diligence on new subscribers and furnishers of information, and was well aware Vivus Servicing and North Cash were one and the same.

23. Clarity knew, or should have known, from its own internal records that both "Vivus Srv/North Star" and "North Cash" relate to the same entity since Clarity charges fees to obtain credit reports on consumers as well as furnish information about consumers.

24. The fact that Clarity accepted clearly-triplicate reports from a source of data which, even in a light most favorable to Clarity, originated from a less-than-reputable source demonstrates Clarity's lack of regard for compliance with its obligations under the FCRA.

25. NorthCash.com shut down in or around April 2020 and its phone number is disconnected.

26. Vivus Servicing stopped furnishing information about North Cash loans in or around July 2020 as well.

27. Clarity is particularly aware of the North Cash duplication (or, as in the instant matter, triplication) of tradelines as all, or almost all, North Cash tradelines were reported under both "North Cash" and "Vivus Srv/North Star" headers.

28. Further, Clarity has been sued multiple times about this exact same issue. See, e.g., *LaBronx Mention vs. Clarity Services, Inc.*, case 23-CC-012935, Hillsborough County, Florida, February 2023 (duplication of North Cash tradeline under Vivus Srv/North Star").

29. The FCRA is clear in its requirement that Clarity, as a CRA, is required to prepare accurate reports:

> Accuracy of Report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. *15 U.S.C. §1681e(b).*

30. Clarity was required to follow reasonable procedures to assure maximum possible accuracy of the information concerning Mr. Stille.

31. Clarity was thus aware that when it sold reports on Mr. Stille in after July 2020, that, under a best-case scenario, it was selling data on a loan which had bi-weekly loan terms which concerned a foreign company that terminated business in the United States in April 2020 and almost, if not always, reported duplicate accounts under more than one name.

32. Even after this exact issue being brought to its attention via litigation, Clarity continued to report the triplicate tradelines to Plaintiff's credit report, as well as, presumably, tens of thousands of other consumers as well.

33. These facts alone establish that Clarity lacks reasonable procedures designed to ensure maximum possible accuracy of the reports it sells as such data could not reasonably be trusted.

34. Due to numerous systemic issues with Clarity's software or other systems-maintenance issues, this duplicate-reporting issue remained undetected for over four years.

35. Clarity knows of the flaws in its software which frequently fail to catch and remove duplicate tradelines from appearing on a consumer's credit reports.

36. Clarity has no reasonable procedure in place to prevent obvious duplicate/triplicate accounts from appearing throughout a consumer's credit history.

37. Critically, the amount of debt in collection adversely affects the consumer's debt-to-income ratios.

38. Clarity has sold at least 50 consumer reports regarding Mr. Stille which included blatantly false information, *e.g.*, the triplicated North Cash tradelines. *Id.*

39. Clarity's failure to implement almost any kind of systems or procedures designed to ensure accurate information about a consumer is obvious when reviewing Mr. Stille's Clarity disclosure.

40. For example, Clarity lists Mr. Stille's occupation as "F," reported on October 8, 2019, which is, upon information and belief, a default code inserted by Clarity's systems when a furnisher leaves data about the consumer's occupation blank. **SEE PLAINTIFF'S EXHIBIT B.**

41. No guide, legend, or other information exists to inform Mr. Stille (or readers of his report) that "F" is simply Clarity shorthand for "no data reported.'

42. Mr. Stille's housing status is also reported as "FALSE" on October 8, 2019, although it was also reported as "OTHER," "OWN," and "RENT" on the same day. **SEE PLAINTIFF'S EXHIBIT C.**

43. No guide or legend explains what a housing status of "false" might possibly be.

44. Clarity easily and reasonably should have known that its data -- reporting that Plaintiff lives in a house he owns, rents, "other" and "false" all on the same day – could not possibly be true as it is inherently contradictory.

45. Yet, despite the logical absurdity of the data, Clarity has incorporated it into reports sold about Mr. Stille for nearly five years.

46. Mr. Stille's report also indicates that November 14, 2022, at 9:48 am, the length of time he had been at his current position was reported as "199 months" – yet one minute later, on November 14, 2022, at 9:49 am, his length of time on the job was reported as "96 months." **SEE PLAINTIFF'S EXHIBIT B.**

47. In other words, when Clarity receives wildly disparate data about a consumer – like the length of employment varying by 7 years, reported in the span of under 60 seconds – it simply includes both pieces of information, without any attribution as to source or why both datapoints are included in a report.

48. Clarity reported Mr. Stille's pay frequency was "B" in November 2019, although no explanation as to what "B" means in terms of pay frequency status. *Id.*

49. Clarity reported Mr. Stille's "housing status" was "FALSE" in October 2019, as well as "OTHER" in October 2019 as well, and, curiously, "OWN" in October 2019, and "RENT" in October 2019, although no explanation as to what "FALSE" means in terms of housing status. **SEE PLAINTIFF'S EXHIBIT C.**

50. Clarity also reported that on November 7, 2019, the date of Mr. Stille's next paycheck would be January 1, 2001 – e.g., 18 years *in the past*. **SEE PLAINTIFF'S EXHIBIT D.**

51. Clarity reasonably knew this could not possibly be true, either, but incorporated it into reports sold about Mr. Stille as well.

52. As a result of the Defendant's actions, Mr. Stille has suffered damages, including lost financial opportunities, loss of credit, lower credit scores, significant emotional distress and aggravation, and damage to his reputation.

53. Mr. Stille has hired this law firm to represent his in this matter and has assigned the firm his right to fees and costs.

## COUNT I
## **WILLFUL VIOLATIONS OF 15 U.S.C. § 1681e(b)**

54. Mr. Stille adopts and incorporates paragraphs 1 – 53 as if fully stated herein.

55. Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports sold regarding Mr. Stille when Clarity sold consumer reports containing information which, in addition to coming from a highly dubious, unverifiable source, was triplicated.

56. Clarity also included information which it knew could not possibly be true, like a housing status of "false" and a "date of next paycheck" occurring 18 years in the past.

57. Clarity has been sued on numerous occasions for the identical issue and is well aware of the problem, but has done nothing to correct it.

58. Clarity's conduct was thus willful or done with a reckless disregard for Mr. Stille's rights under the FCRA.

59. As a result of its conduct, Clarity is liable to Mr. Stille pursuant to the FCRA for the greater of Mr. Stille's actual damages or statutory damages of up to

$1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, per 15 U.S.C. § 1681n.

**WHEREFORE**, Mr. Stille respectfully requests this Honorable Court enter judgment against Clarity for:

a. The greater of Mr. Stille's actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
## NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681e(b)
### (Pled in the Alternative to Count I)

60. Mr. Stille adopts and incorporates paragraphs 1 – 53 as if fully stated herein.

61. Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports sold regarding Mr. Stille when Clarity sold consumer reports containing information which, in addition to coming from a highly dubious, unverifiable source, was triplicated.

62. Clarity owed Mr. Stille a legal duty to utilize reasonable procedures to assure the maximum possible accuracy of its consumer reports regarding Mr. Stille.

63. Clarity breached this duty when it sold consumer reports containing an account which was obviously triplicated, as well as information which it knew could not possibly be true, like a housing status of "false" and a "date of next paycheck" occurring 18 years in the past.

64. Clarity thus acted negligently, and Mr. Stille is entitled to his actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Mr. Stille respectfully requests this Honorable Court enter judgment against Clarity for:

a. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and

c. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on June 28, 2024 by:

                                              **SERAPH LEGAL, P.A.**

                                              /s/ Fethullah Gulen
Fethullah Gulen, Esq.
Florida Bar Number: 1045392
FGulen@seraphlegal.com
2124 W Kennedy Blvd,
Suite A
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705
Counsel for Plaintiff

**ATTACHED EXHIBIT LIST**
A    Plaintiff's Clarity Disclosure, June 27, 2024 – Tradelines - Excerpts
B    Plaintiff's Clarity Disclosure, June 27, 2024 – Income and Employment Information – Excerpt
C    Plaintiff's Clarity Disclosure, June 27, 2024 – Housing Information – Excerpt
D    Plaintiff's Clarity Disclosure, June 27, 2024 – Paycheck Information - Excerpt